UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| JAMES MARK VOGEL, | Case No. 12-CV-0088 (PJS/JJG) |
| Petitioner, | |
| v. | ORDER |
| TOM ROY, State of Minnesota Department of Corrections Commissioner, | |
| Respondent. | |

James Mark Vogel, pro se.

Lisa R. Rakotz, AITKIN COUNTY ATTORNEY'S OFFICE, for defendant.

This matter is before the Court on the petition of James Mark Vogel for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Specifically, Vogel alleges that he suffered severe abdominal pain while incarcerated at the Aitkin County Jail, that the staff at the Aitkin County Jail was indifferent to his medical needs, and that he was coerced into pleading guilty in order to gain access to the better medical care available from the Minnesota Department of Corrections. In her Report and Recommendation ("R&R"), Magistrate Judge Jeanne J. Graham recommends that Vogel's petition be denied.  ECF No. 25.  Vogel has objected to the R&R [ECF Nos. 26-28], and the Court has conducted a de novo review, *see* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Based on that review, the Court overrules Vogel's objection and adopts the R&R.

Only two issues merit comment:

*First*, in recommending that Vogel's petition be denied, Judge Graham relied on factual findings made by a state court when that court denied Vogel's motion to withdraw his guilty

plea. Those factual determinations include the following (bracketed material inserted by the Court; citations are to Pet'r Aff. Ex. 1 [ECF No. 28-1] ("Pet'r Aff.")):

> Defendant [i.e., Vogel] was arrested for DWI on February 16, 2009. In the medical screening intake completed the same day at the Aitkin County Jail, Defendant was asked a series of questions relating to his health. A diagnosis of depression, a broken tooth, prescriptions for high blood pressure and cholesterol, and prescriptions relating to mental health were discussed. When asked, "Do you have any other medical condition that we should know about?[,]" Defendant did not volunteer that he was treating for abdominal pain. The remarks state only "takes several meds" and "unwilling to discussion upon intake."
>
> Defendant was seen by Janet Larson, N.P. on March 15, 2009 and May 29, 2009. Defendant's mental health and related medications were discussed but no mention was made of abdominal pain. On July 23, 2009, Defendant was seen by Janet Larson, N.P. and complained of abdominal pain [*id*. at 10-12]. He stated that the pain had come and gone but had become increasingly persistent over the past week [*id*. at 10]. Defendant stated that the pain originally began after he was confined to lock down and he did not have much room to move about. He was diagnosed with constipation and received a prescription for Colace [*id*. at 12].
>
> Defendant submitted 12 medical requests while at the Aitkin County Jail. His first request is dated February 17, 2009, the day after he was arrested, and does not mention abdominal pain [*id*. at 1]. Defendant addresses various concerns in his requests, including prescription medications, dental questions, and applying for medical assistance [*id*. at 2-3]. The first mention of abdominal pain is in mid-March 2009 (it appears that Defendant continued his request on the back of the page, which was not included in the copies submitted to the Court) [*id*. at 4]. The jail's response was to schedule him for a visit with Janet Larson, N.P., whom Defendant saw on March 15, 2009. However, Defendant did not mention abdominal or side pain during that visit. Defendant again mentioned side pain on April 2, 2009 in an inmate medical request form [*id*. at 5]. He filled out five additional medical request forms from April 6 to May 13, 2009 with no mention of his abdominal pain [*id*. at 6-9].

Resp't App. Ex. 1 at 55-56 [ECF No. 21-1].

Under § 2254(e)(1), "a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption by clear and convincing evidence." Vogel attempts to meet this high burden by submitting several documents that he believes contradict the factual determinations of the state court, although he is not specific about how those documents refute those findings. *See generally* Pet'r Aff.

Having reviewed the documents submitted by Vogel — documents that, it should be noted, he did not submit to Judge Graham — the Court finds that those documents are consistent with the factual determinations made by the state court and relied on by Judge Graham. In fact, the state court addressed the contents of those documents on almost a point-by-point basis. Certainly, Vogel has not clearly and convincingly rebutted the presumption of correctness of the state court's factual determinations by submitting documents that appear, on their face, to largely *corroborate* the state court's factual determinations.

*Second*, Vogel requests in his objection that the Court hold an evidentiary hearing in order to expand the record and reveal potentially exculpatory evidence in the possession of Aitkin County. As a general matter, however, this Court is forbidden from holding an evidentiary hearing on a habeas petition brought pursuant to § 2254 "[i]f the applicant has failed to develop the factual basis of a claim in State court proceedings," unless it was not possible for the applicant to develop that factual basis "through the exercise of due diligence." 28 U.S.C. § 2254(e)(2)(A)(ii). Vogel suggests no reason why he could not have fully developed the factual basis of his claim in state court. Vogel was represented by counsel in state court, and it appears that Vogel had every opportunity to make a full record on his claim that his guilty plea was

involuntary. Under § 2245(e)(2), then, the Court may not hold the evidentiary hearing sought by Vogel.

Even if the Court had the option of holding an evidentiary hearing, it would not do so. The question of whether to hold an evidentiary hearing on a habeas petition is "generally left to the sound discretion of district courts." *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007). "In determining whether an evidentiary hearing is necessary, district courts must bear in mind the deferential standard of habeas review under § 2254(d)." *Shepersky v. Wengler*, No. 09-CV-2049, 2011 WL 1189099, at *2 (D. Minn. Mar. 28, 2011) (citing *Landrigan*, 550 U.S. at 474).

No evidentiary hearing is necessary in this case because, as the R&R explains, the record developed in state court conclusively demonstrates that Vogel is not entitled to relief. Vogel's objection almost seems to be addressed to the question of whether Vogel should be able to recover for medical malpractice under state law or for deliberate indifference to his medical needs under federal law. But this is a habeas proceeding, not a medical-malpractice or § 1983 action. The only question is whether Vogel's guilty plea was knowing and voluntary.

Vogel testified under oath at his plea hearing that his guilty plea *was* knowing and voluntary — and he said not a word about being in pain or pleading guilty so he could have access to better medical care. Representations made by a defendant at a plea hearing "carry a strong presumption of verity and pose a 'formidable barrier in any subsequent collateral proceedings.'" *Voytik v. United States*, 778 F.2d 1306, 1308 (8th Cir. 1985) (quoting *Blackledge v. Allison*, 431 U.S. 63, 74 (1977)). Moreover, Vogel's claim that his plea was rendered involuntary by Aitkin County's indifference to his medical needs is belied by both the state-court record and the documents submitted *by Vogel* to this Court, which show that Vogel

received medical care throughout his stay at the Aitkin County Jail. The facts alleged by Vogel in his objection — for example, that he submitted many more medical-request forms than were considered by the state court or Judge Graham — would not, even if true, be sufficient to show that his plea was involuntary. Because the facts that Vogel seeks to prove would not entitle him to relief, the Court would deny his request for an evidentiary hearing even if such a hearing were not barred by § 2254(e)(2). *See Newton v. Kemna*, 354 F.3d 776, 785 (8th Cir. 2004).

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. Petitioner James Mark Vogel's objection [ECF Nos. 26-28] is OVERRULED.

2. The Court ADOPTS the R&R [ECF No. 25].

3. Petitioner's motion for expedited ruling [ECF No. 13] is DENIED AS MOOT.

4. Petitioner's 28 U.S.C. § 2254 petition for writ of habeas corpus [ECF No. 1] is DISMISSED WITH PREJUDICE.

5. No certificate of appealability will issue.

LET JUDGMENT BE ENTERED ACCORDINGLY.


Dated: November 20, 2012          s/Patrick J Schiltz
                                  Patrick J. Schiltz
                                  United States District Judge